NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD POWELL, | |
| Plaintiff, | Civil Action No. 11-139 (RBK-KW) |
| v. | **OPINION** |
| JAMES MCGIFFEN and DAVE FAVATA, | |
| Defendants. | |

**KUGLER**, United States District Judge**:**

Plaintiff Edward L. Powell, III ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and its exhibits and are accepted as true for purposes of this review. (D.I. 3, 4.)

A domestic incident report states that on June 11, 2008, Plaintiff violated an active no contact order when he mailed letters to a third party and instructed that person to deliver them to

Plaintiff's former spouse, Heather Powell a/k/a Heather Green ("Heather") and her children.[1] (D.I. 4 at 20, 44.) At the time, Powell was on a detentioner hold at the Delaware Correctional Center ("DCC") (now known as the James T. Vaughn Correctional Center), having been arrested on May 18, 2008 on other charges. (Id. at 41.) Plaintiff was served with Protection from Abuse ("PFA") orders on June 11, 2008. (Id. at 48.) He was arrested (although already in custody) on June 13, 2008 on charges of noncompliance with conditions of recognizance bond or conditions felony, violations of PFA orders, and dissuading a witness. (Id. at 45.) The new criminal charges were added to his pending criminal case. (Id. at 41.)

The investigative narrative of the report states that a detective was contacted by defendant Dave Favata ("Favata"), a prosecutor with the Kent County Attorney General's Office, who advised the detective that he had been contacted in person by Heather who gave Favata an envelope containing letters sent from the DCC by Plaintiff to a third party. The detective took the letters and envelope into his possession. (Id. at 46.)

An order was entered in the criminal case on August 20, 2008, wherein Plaintiff was to have no contact with a daughter, to whom he had given guardianship to Heather, except under the supervision of a family member. (Id. at 20, 42.) On December 3, 2008, Plaintiff pled guilty to

---

[1]Plaintiff had been arrested on January 7, 2008 for resisting arrest in connection with a domestic incident, and released on bail. As one of the conditions, he was to have no contact with Heather or her children. The Order stated that it was a violation if Plaintiff had anyone, except for his attorney, make contact with the victim. (D.I. 4 at 47.)

most of the criminal charges. (Id. at 43.) Following his guilty plea, Favata moved to declare Plaintiff an habitual offender.[2] (Id.) Plaintiff was sentenced on January 29, 2009. (Id.)

A default protective order expired on May 27, 2009, and Heather filed a petition for a protective order on her behalf and on behalf of her minor children. (D.I. 4 at 5.) The civil hearing was held on June 16, 2009.[3] (D.I. 4 at 23.) Defendant James McGiffin ("McGiffin")[4] represented Heather during the hearing. (D.I. 4. at 2) During the hearing McGiffin presented as evidence letters written by Plaintiff to two different third parties that, according to McGiffin, allegedly violated the expired no contact order while it was still in effect. (Id. at 5-6.) One letter was written prior to June 13, 2008, when Plaintiff was handed a no contact order. (Id. at 8.) The second letter was postmarked August 20, 2008, and the third was sent on April 30, 2009. (*Id.* at 10, 11.)

Plaintiff alleges that McGiffin presented false, fabricated testimony, and tampered with evidence. (D.I. 3 at ¶ 7.) He alleges that McGiffin presented the same letters during the civil hearing as those used in the criminal hearing and that McGiffin tampered with the letters by placing them together and stapling them. (Id.) Plaintiff alleges that the letters were illegally obtained from Favata, noting that McGiffin did not file a motion under the Freedom of

---

[2]During the course of the criminal trial, Plaintiff's defense counsel moved to disqualify Favata, but later withdrew the motion without prejudice. (D.I. 4 at 42, 53, 54.)

[3]At the hearing Plaintiff referred to Heather's contact with Favata, that Favata knew Plaintiff had been incarcerated since May 30, 2008, and stated to the Court that Heather and Favata conspired to obtain a no contact order on the grounds of Plaintiff's default, noting that the order contained Plaintiff's address where he resided with Heather, not the facility where he was detained. (D.I. 4 at 15, 16.)

[4]Misspelled by Plaintiff as McGiffen

3

Information Act in his criminal case to obtain the letters. (Id.) Plaintiff alleges that Favata had subpoenaed the letters in question (i.e., the June 9, 2008 and the August 20, 2008 letters) from prison, and Favata was "furious" that he was unable to charge Plaintiff criminally with contacting his daughter because a Superior Court order allowed Plaintiff to communicate with the girl. (Id.) Finally, Plaintiff alleges that McGiffin, Favata, and Heather[5] conspired "to get back at Plaintiff for the dismissal" of certain criminal charges, lied and tampered with evidence and witnesses, and violated his parental rights to see his children, his right to due process, and the prohibition against double jeopardy.[6] (Id. at ¶¶ 7, 8, 9.) Plaintiff seeks compensatory and punitive damages as well as injunctive relief. (D.I. 3)

## II. STANDARDS FOR SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent

---

[5]Heather is not a named defendant.

[6]The double jeopardy claim is frivolous. Plaintiff confuses the civil PFA action with the charges filed against him in his criminal proceeding.

4

standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, –U.S.–, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949.

5

When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[7] Id. at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. 42 U.S.C. § 1983

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

---

[7] A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

6

## IV. ANALYSIS

### A. State Actor

The Complaint raises claims against legal aid attorney McGiffin.[8] To act under "color of state law" a defendant must be "clothed with the authority of state law." West, 487 U.S. at 49. McGiffin is a legal aid attorney who represented his client in obtaining a PFA order against Plaintiff. He is not employed by the State and he is not "clothed with the authority of state law." See Reichley v. Pennsylvania Dep't of Agric., 427 F.3d 236, 244-45 (3d Cir. 2005); Biener v. Calio, 361 F.3d 206, 216-17 (3d Cir. 2004). Therefore, the § 1983 claims against him are not cognizable.

Plaintiff's § 1983 claims against McGiffin have no arguable basis in law or in fact and, therefore, are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).[9]

### B. Prosecutorial Immunity

The Complaint raises claims against Favata, a prosecutor and Deputy Attorney General for the Delaware Department of Justice. The Complaint refers to actions taken by Favata as the prosecutor in Plaintiff's criminal case. To the extent Plaintiff alleges that Favata acted improperly during the criminal proceedings, the allegations are frivolous.

It is well established that a state prosecuting attorney is absolutely immune from liability pursuant to 42 U.S.C. § 1983 when the prosecutor's actions are related to the initiation and prosecution of a criminal action. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). The immunity

---

[8]McGiffin is an attorney with the Delaware Community Legal Aid Society, Inc., a nonprofit law firm. http://www.declasi.org/.

[9]The conspiracy claims will be addressed in paragraph C., supra.

extends to responsibilities discharged in court, such as the presentation of evidence or legal argument, as well as selected out-of-court behavior "intimately associated with the judicial phases" of litigation. "[T]he duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of prosecution and actions apart from the courtroom." Imbler, 424 U.S. at 431 n.33.

Courts confronted with claims challenging a prosecutor's actions must utilize a functional analysis to determine whether or not the prosecutor acted within his or her "judicial capacity" when attempting to apply absolute immunity. Odd v. Malone, 538 F.3d 202, 207 (3d Cir. 2008). Under the functional approach, a prosecutor enjoys absolute immunity for actions performed in a judicial or "quasi-judicial" capacity. Id. (citations omitted). Therefore, absolute immunity "attaches to actions 'intimately associated with the judicial phases of litigation,' but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." Id. (citations omitted). Further, actions that relate to the prosecutor's role as an advocate are "judicial" actions. Mancini v. Lester, 630 F.2d 990, 993 (3d Cir. 1980).

As described in the allegations, and in viewing the exhibits submitted by Plaintiff, Favata's alleged acts during the criminal proceedings required advocacy by him as a prosecutor and, therefore, fall within the realm of prosecutorial functions. Hence, he is immune from suit.

The remaining allegation is that Favata improperly gave letters to McGiffin for use in the civil PFA proceeding. Exhibits submitted by Plaintiff indicate that Heather provided the letters to Favata during the criminal proceeding, and a review of the State criminal docket does not indicate that any documents were sealed. Finally, if as alleged, Favata provided the documents to McGiffin, said act did not violate Plaintiff's constitutional rights. The claims against Favata have

no arguable basis in law or in fact, are frivolous and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C. <u>**Conspiracy**</u>

Plaintiff alleges that Defendants and Heather conspired "to get back at Plaintiff" . Initially the Court notes that McGiffin, as a private party, "can be liable under § 1983 if he [] willfully participate[d] in a joint conspiracy with state officials to deprive a person of a constitutional right . . . ." <u>Max v. Republican Comm. of Lancaster Cnty.</u>, 587 F.3d 198, 203 (3d Cir. 2009). One of the alleged conspirators is Favata, a state official.

Allegations of conspiracy may form the basis of a § 1983 claim. "However, a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants. 'Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.'" <u>Harmon v. Delaware Secretary of State</u>, 154 F. App'x 283, 285 n.3 (3d Cir. 2005) (not published) (citing <u>Tonkovich v. Kansas Bd. of Regents</u>, 159 F.3d 504, 533 (10th Cir. 1998) and quoting <u>Hunt v. Bennett</u>, 17 F.3d 1263, 1266 (10th Cir. 1994)). "In order to prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right." See <u>Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.</u>, 172 F.3d 238, 254 (3d Cir. 1999). In addition, a plaintiff must allege the specific conduct violating his or her rights, the time and place of that conduct, and the identity of the responsible officials. See <u>Oatess v. Sobolevitch</u>, 914 F.2d 428, 431 n. 8 (3d Cir. 1990).

The Complaint alleges in a conclusory manner that Defendants and Heather conspired against Plaintiff. Notably, the Complaint fails to allege a violation of Plaintiff's constitutional rights. Finally, while the Complaints contains numerous facts, said facts fail to substantiate the

9

allegations of conspiracy. The conspiracy claims are frivolous and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**V.     CONCLUSION**

For the reasons set forth above, the complaint is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Amendment of the Complaint would be futile. An appropriate order shall follow.

Date:    May 5, 2011

                                              s/Robert B. Kugler
                                              ROBERT B. KUGLER
                                              United States District Judge